UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

Americu Credit Union,

                              Plaintiff,

       -v.-                                            6:06-CV-01348
                                                              (NPM-DEP)

Cumis Insurance Society, Inc.,

                              Defendant.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| FOR PLAINTIFFS: | |
| NASTO LAW FIRM<br>4957 Commercial Drive<br>Yorkville, NY 13495 | JOHN A. NASTO, JR. |
| FOR DEFENDANT: | |
| PETRONE & PETRONE, P.C.<br>1624 Genesee Street<br>Utica, NY 13502 | DAVID H. WALSH, IV |
| BALLARD SPAHR, ANDREWS &<br> INGERSOLL, LLP<br>601 13th Street, N.W.<br>Suite 1000 South<br>Washington, D.C. 20005-3807 | F. JOSEPH NEALON |

Neal P. McCurn, Senior District Judge

# MEMORANDUM-DECISION and ORDER

## I. Introduction

Presently before the court is a motion to dismiss two of the three counts plaintiff's complaint for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has not filed any papers in opposition. The motion is decided on the papers submitted without oral argument.

## II. Background

Plaintiff, AmeriCU Credit Union ("AmeriCU") is a state chartered credit union, organized pursuant to the laws of the State of New York. Defendant, CUMIS Insurance Society, Inc. ("CUMIS") is a corporation organized under the laws of the State of Wisconsin. Between October 11, 1998 and October 11, 2005, the parties entered into and renewed a credit union discovery bond and various liability insurance polices. See Compl. ¶ 5, Dkt. No. 14. Said bond and policies insured AmeriCU "for the alleged acts or omissions on the part of [its] employees or former employees ... that constitute either 'failure of faithful performance', 'employee dishonesty', as well as general negligence." Compl. ¶ 7. A loan officer employed by AmeriCU made several improper loans during the period June 1999 through August 2004. Said loans are covered under AmeriCU's bond and liability policy with CUMIS. See Compl. ¶ 8. AmeriCU submitted a claim for coverage to CUMIS, along with proof of loss in the amount of $499,408.33 less its $1000 deductible. CUMIS denied part of the claim, and paid AmeriCU $199,509.78. See id. ¶¶ 10-11.

Thereafter AmeriCU filed the present action against CUMIS, alleging breach of contract (Count I). In addition, AmeriCU requests attorney's fees in relation to same (Count II). Finally, AmeriCU alleges CUMIS acted in bad faith, thereby allowing an award of punitive damages regarding same (Count III).

1

AmeriCU having initially brought its lawsuit in the New York State Supreme Court for the County of Oneida, CUMIS removed the action to this court pursuant to 28 U.S.C. § 1441, citing subject matter jurisdiction by diversity of citizenship under 28 U.S.C. § 1332.

By its present motion, CUMIS seeks dismissal of Counts II and III of the complaint, wherein AmeriCU claims attorney's fees, bad faith, and punitive damages. Despite the procedural rules of this court requiring that a party notify the court of its intent not to oppose a dispositive motion, AmeriCU has failed to do so. See L.R. 7.1(b)(3). Said failure to oppose may be deemed by the court as consent to grant the motion, so long as CUMIS meets its burden to demonstrate entitlement to the requested relief. See id.

### III.  Discussion

#### A.  Rule 12(b)(6) Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) may not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." Thomas v. Ashcroft, 470 F.3d 491, 495 (2d Cir. 2006) (quoting Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 363 (2d Cir.2005)).  When reviewing a Rule 12(b)(6) motion, this court must accept the allegations of fact in plaintiff's complaint as true, drawing all reasonable inferences in its favor. See Mugno v. Societe Internationale De Telecommunications Aeronautiques, Ltd., No. 05-cv-2037, 2007 WL 316572, at *1 (E.D.N.Y. Jan. 30, 2007) (citing Twombly v. Bell Atlantic Corp., 425 F.3d 99, 106 (2d Cir.2005)).

2

### B.     Attorney's Fees

CUMIS first argues that AmeriCU's second cause of action for attorney's fees must be dismissed because New York law does not allow an insured to recover expenses incurred "in bringing an affirmative action against an insurer to settle its rights under the policy."  See Def.'s Mem. of Law in Supp. of Mot. to Dismiss at 2, Dkt. No. 5, quoting Globecon Group, LLC v. Hartford Fire Ins. Co., No. 03-Civ.-0023, 2003 U.S.Dist. LEXIS 16259, at *15 (S.D.N.Y. Sept. 17, 2003). There being ample legal authority for this argument, CUMIS's motion to dismiss Count II of the complaint is granted.  See Globecon Group, LLC v. Hartford Fire Ins. Co., 434 F.3d 165, 177 (2d Cir. 2006) (quoting New York Univ. v. Continental Ins. Co., 87 N.Y.2d 308, 662 N.E.2d 763, 639 N.Y.S.2d 283 (N.Y. 1995)).

### C.     Bad Faith Denial of Insurance Coverage and Punitive Damages

Next, CUMIS argues that AmeriCU's claim for punitive damages associated with CUMIS's alleged bad faith denial of insurance coverage must fail for two reasons.  First, CUMIS notes, "[i]t is well established that 'an independent tort action for bad faith denial of insurance coverage is not recognized under New York law'".  Def.'s Mem. of Law at 2, quoting Globecon, 2003 U.S.Dist. LEXIS 16259, at *8.  In addition, CUMIS argues that punitive damages are not available as relief for a breach of contract claim absent some independent tort claim.  See id. at 3-4, citing Wiener v. Unum Provident Corp., 202 F.Supp.2d 116, 123 (S.D.N.Y. 2002); Globecon,  2003 U.S.Dist. LEXIS 16259, at *8.

It is well settled New York law that a cause of action for bad faith denial of insurance coverage, absent some underlying tort claim, is not viable.  See Graves

3

Bros., Inc. v. National Fire & Marine Co., No. 06-CV-6394, 2007 WL 189540, at *2 (W.D.N.Y. Jan. 23, 2007), (citing Core-Mark Int'l Corp. v. Commonwealth Ins. Co., No. 05-Civ.-183, 2005 WL 1676704 (S.D.N.Y. July 19, 2005); Continental Info. Sys. Corp. v. Federal Ins. Co., No. 02-Civ.-4168, 2003 WL 145561, at *4 (S.D.N.Y. Jan. 17, 2003)).  Here, AmeriCU merely alleges that "CUMIS's refusal to honor its insurance contract with AmeriCU was made in bad faith entitling Plaintiff[] to recover punitive damages." Compl. ¶ 17.  Because AmeriCU fails to allege a tort claim independent of its breach of contract claim, its purported "bad faith" cause of action, and accompanying claim for punitive damages, is dismissed.

Moreover, CUMIS is correct that punitive damages are not recoverable in this case.  The New York Court of Appeals has held that in the absence of an underlying tort duty, a defendant is not liable to pay punitive damages for a breach of contract claim.  See New York Univ. v. Continental Ins. Co., 87 N.Y.2d 308, 319-20, 662 N.E.2d 763, 639 N.Y.S.2d 283, 289-90 (N.Y. 1995).  As such, to the extent AmeriCU claims it is entitled to punitive damages on its breach of contract claim, said claim for punitive damages is likewise dismissed.[1]

## IV.  Conclusion

It is ORDERED that defendant, CUMIS Insurance Society, Inc.'s motion to dismiss plaintiff, AmeriCU Credit Union's claims for attorney's fees, bad faith denial of insurance coverage and punitive damages, pursuant to Fed. R.

---

[1] AmeriCU sets forth a demand for punitive damages in its wherefore clause, separate and distinct from the allegations in support of its bad faith claim and associated punitive damages claim under Count III.  Therefore, CUMIS seeks a blanket dismissal of any demand for punitive damages in this case.

4

Civ. P. 12(b)(6) is hereby GRANTED.

    IT IS SO ORDERED.

DATED:    April 5, 2007
              Syracuse, New York

_____
Neal P. McCurn
Senior U.S. District Judge

5