IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

AMERICU CREDIT UNION,

        Plaintiff,

                              Civ. Action No.
                              6:06-CV-1348 (DEP)

vs.

CUMIS INSURANCE SOCIETY, INC.,

        Defendant.

_____

APPEARANCES:                      OF COUNSEL:

FOR PLAINTIFF:

NASTO LAW FIRM               JOHN A. NASTO, JR. , ESQ.
4957 Commercial Drive
Yorkville, NY 13495

FOR DEFENDANT:

PETRONE, PETRONE LAW FIRM    DAVID H. WALSH, IV, ESQ.
1624 Genesee Street
Utica, NY 13502

BALLARD, SPAHR LAW FIRM      F. JOSEPH NEALON, ESQ.
601 13th Street, NW              JEFFREY W. LARROCA, ESQ.
Suite 1000 South
Washington, DC 20005-3807

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

ORDER

Defendant Cumis Insurance Society, Inc. ("Cumis") has moved in connection with this action seeking the entry of summary judgment dismissing the complaint of plaintiff Americu Credit Union ("AmeriCU") in this action as a matter of law. Dkt. No. 39. In its motion Cumis asserts that based upon the record before the court no reasonable factfinder could conclude that Estelita Wright, the former employee whose actions resulted in an insured loss suffered by AmeriCU, did not act with the manifest intent to cause loss to the credit union when engaged in the conduct leading to her criminal conviction in this court. *Id.* Plaintiff AmeriCU opposes the motion, asserting the existence of genuinely disputed issues of fact including whether Ms. Wright did in fact act at all relevant times with the requisite manifest intent to cause loss to AmeriCU and to obtain financial benefit for herself.[1]

Plaintiff's motion was the subject of oral argument held on April 25, 2008. At the close of argument I rendered a bench decision in which, finding the existence of genuinely disputed, material issues of triable fact, I denied defendant's motion. Based upon the record now before the

---

[1] The credit union concedes that when engaged in the acts which resulted in loss to the bank, Ms. Wright did obtain financial benefit for herself. Dkt. No. 41.

2

court, and the bench decision rendered on April 25, 2008, which is incorporated herein by reference, it is hereby

ORDERED that defendant's motion for summary judgment (Dkt. No. 39) is DENIED; and it is further

ORDERED, that on or before June 30, 2008, the parties shall provide the court with mutually agreeable suggested dates for the trial of this action.

Dated:   May 8, 2008
         Syracuse, NY

_____
David E. Peebles
U.S. Magistrate Judge